## Mustain v. Vincent.

(Decided March 20, 1923.)

## Appeal from Edmonson Circuit Court.

1. Easements—Uncontroverted Allegation Defendant's Title was Champertous Does not Entitle Plaintiff to Injunction.—Since the plaintiff, in an action to enjoin interference with an easement as in ejectment, must prove his right to the property and cannot rely upon the weakness of the title of defendant, he is not entitled to an injunction, where the allegations of his ownership of the easement were denied, but not those of his amended petition alleging that the deed under which defendant claimed was champertous, and therefore void.

2. Appeal and Error—Judgment of Chancellor not Set Aside Unless Against Weight of Evidence.—The Court of Appeals will not set aside a judgment of a chancellor unless it is against the weight of the evidence.

MILTON CLARK for appellant.

LOGAN & McCOMBS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

This litigation was commenced by appellant Mustain to enjoin appellee Vincent from obstructing a private passway which leads from the lands of Mustain over lands claimed by appellee Vincent to the public highway. The petition which was prepared in equity was dismissed and Mustain, who was plaintiff below, appealed the cause here.

Some eight or ten years ago appellant Mustain became the owner of a tract of fifty acres of land. His deed describing the land included a passway ten feet wide, extending from the said boundary to the public highway. The boundary in his deed continues around the tract including the passway. Appellee Vincent owns and claims a tract of twenty-eight (28) acres adjoining the tract of appellant. Through appellee's land runs the public highway. Both the lands now owned by appellee and appellant were jointly owned by their predecessors in title. By some arrangement, not made plain by this record, the predecessor in title of appellant Mustain obtained a passway from his tract to the public highway, and this was used occasionally from that time to the beginning of this action, at which time appellee Vincent

fenced up and took possession of the said passway. Appellant Mustain in his petition alleged he was the owner of the said boundary of fifty acres of land, including the passway, and that appellee had wrongfully taken possession of the said passway and was holding it against him, and prayed that appellee be enjoined from interfering with the passway. Appellee, then defendant, answered and denied that appellant was the owner of the passway, or had any right to or interest in it and denied that appellants had been in possession thereof. He further pleaded that at the time appellant purchased the fifty acre tract of land, appellee's predecessor in title was in the actual adverse possession of the right of way in controversy, claiming and holding it against appellant's predecessor in title and all persons whomsoever. Appellant replied to this answer and denied the averments thereof. Later he filed an amended petition in which he pleaded champerty against appellee, averring in substance that at the time appellee purchased this land, about a year before the commencement of the action, appellant was in the open, adverse possession of the said passway and that the deed which appellee held for the said twenty-eight acres of land and which purported to cover and include the said passway was champertous and void as to the extent of the passway. This amended petition was not controverted, and it is the insistence of the appellant that inasmuch as appellee failed to controvert the affirmative averments of the said amended petition pleading champerty that the judgment should have gone for appellant. He also complains that the judgment is against the weight of the evidence.

In an action like this, as in ejectment, the plaintiff who seeks to recover land or to enjoin another from interfering with his possession or title has the burden of both alleging and proving his right to the property. Until he establishes his right the defendant need do nothing more than deny the averments of the petition. The plaintiff is not permitted to rely upon the weakness of the title of defendant. A plea, therefore, by the plaintiff that the title of the defendant is champertous and void does not establish the plaintiff's right to recover; if the defendant has no title to land except bare possession, he can retain the possession against all but the true owner. It was not, therefore, necessary in view of the state of the pleadings in this case, for appellee to controvert the averments of the amended petition.

The evidence appears to sustain the finding of the chancellor. Moreover, this court will not set aside a judgment of a chancellor unless it be against the weight of the evidence. Finding no error to the prejudice of the substantial rights of appellant, the judgment is affirmed.

Judgment affirmed.